# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

|  |  |
|---|---|
| ERIC COOPER, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN METAL FAB. INC., JEFFREY JACOBSON, AND JOHN FELIX,<br><br>Defendants. | Case No. 26-cv-662<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Eric Cooper ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees as defined herein, brings this suit against Northern Metal Fab. Inc. ("NMF"), Jeffrey Jacobson, and John Felix (together "Defendants"), and by way of this Complaint, alleging as follows:

## NATURE OF ACTION:

1. This is a Class Action Complaint brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., the Wisconsin Minimum Wage Law, WI Stat. § 104.02 *et seq.* ("Wisconsin Wage Law"), Wisconsin Mini-Warn Act (known as the Wisconsin Business Closing and Mass Layoff Law), Wis. Stat. § 109.07 ("Wisconsin WARN Act"),  and for Wisconsin common law claims by the Plaintiff both individually and on behalf of the other similarly situated persons against Defendants, their employer, related to the abrupt termination of Plaintiff and approximately 57 other employees without notice.  Plaintiff also brings individual claims related to Defendants' failure to pay him due and owing wages and benefits.

2. Defendants own and operate offices within three blocks of each other, located at 500 Evergreen Street, Baldwin, WI 54002, and 510 Vandeberg Street, Baldwin, WI 54002 ("the Facility"). The Facility operates as NMF.

3. Defendants abruptly terminated, unilaterally and without proper notice to employees or staff, upon information and belief, at least 58 employees, including Plaintiff, who represent at least 33% of active employees and reported to the Facility.

4. Plaintiff was terminated on March 30, 2026, as part of a mass layoff and/or plant closing without sufficient notice.

5. Prior to his termination, Plaintiff worked for approximately two to three weeks without pay.

6. Additionally, Plaintiff has since learned that, despite the deduction from his paycheck, his work-sponsored health insurance plan was canceled without notice, effective February 28, 2026, nearly a month prior to the closing. To date, Plaintiff has not been refunded the premiums he paid toward the policy.

7. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendants on or around March 30, 2026, and within 90 days of that date, and who were not provided the requisite 60 days' advance written notice of their terminations by Defendants, as required by Wisconsin WARN Act.

8. Plaintiff and other similarly situated employees should have received the full protection afforded by the Wisconsin WARN Act.

2

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331, 29 U.S.C. § 1132(e)(1), and 29 U.S.C. § 216(b). The court may also exercise supplemental jurisdiction under 28 U.S.C § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

11. At all times relevant, the Plaintiff was a member of the Classes (as defined below).

12. Plaintiff **Eric Cooper** is a citizen of the United States and a resident of St. Croix County, Wisconsin. He was employed by Defendants at the Facility at all relevant times. He had been employed by Defendants as a full-time employee since 2003 up to his termination.

13. Defendant **Northern Metal Fab. Inc.** is a domestic corporation located in Wisconsin, with a principal office located at 500 Evergreen Street, Baldwin, Wisconsin 54002-5173. As registered with the Wisconsin Secretary of State, Defendant NMF may be served via its registered agent, Jeffrey B. Jacobson, 500 Evergreen St., Baldwin, Wisconsin 54002-5173.

14. Defendant **Jeffrey Jacobson** is individually liable because, during the relevant times, he was an owner of substantial interests in Defendant NMF, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of employment as he held the power to hire and fire, supervised and controlled work schedules and/or other conditions of Plaintiff and the putative class's employment, and, finally, maintained employment records and/or held control over employment records. Defendant may be served at 500 Evergreen St., Baldwin, Wisconsin 54002-5173, or wherever he may be found.

15. Defendant **John Felix** is individually liable because, during the relevant times, he was an owner of substantial interests in Defendant NMF, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of employment as he held the power to hire and fire, supervised and controlled work schedules and/or other conditions of Plaintiff and the putative class's employment, and, finally, maintained employment records and/or held control over employment records. Defendant may be served at 500 Evergreen St., Baldwin, Wisconsin 54002-5173, or wherever he may be found

16. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the Facility, where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

## FACTS

17. Jeffrey Jacobson and John Felix are the owners, officers, and directors of NMF.

18. In this capacity, Mr. Jacobson and Mr. Felix put the pay scheme at issue in place, have overseen and enforced Defendants' pay practices, made all relevant employment decisions, and are, therefore, individually liable for the violations at issue.

19. Until March 30, 2026, upon information and belief, the Defendants' operation was running business as usual, and employees had no indication that the Defendants intended to reduce the workforce.

20. On that same day, March 30, 2026, Defendants informed Plaintiff that he and the other employees were being terminated effective the same day.

21. Defendants, upon information and belief, have provided no notice to the Wisconsin Department of Workforce Development to date.

22. Defendants also did not provide advance notice of the terminations to the affected employees, as required by the Wisconsin WARN Act, even though it planned to abolish,

4

terminate, and/or lay off at least 50 employees and 33% of the employees employed at the Facilities.

23.     Plaintiff was not and has not been paid for the work he performed from Mid-March to March 30, 2026, as of the date of this filing.

24.     During his employment, Plaintiff participated in and received benefits under the health insurance and medical coverage offered by Defendants ("the Plan").

25.     The employee-paid portion of the premium for medical and hospital coverage was deducted from Plaintiff's paycheck on a per-pay-period basis, including on Plaintiff's mid-March 2026 paycheck.

26.     After his termination, Plaintiff learned that his and his family's health insurance was terminated effective February 28, 2026, without notice, approximately 30 days prior to the layoff and/or plant closing, and during the time Plaintiff was performing work.

27.     Upon information and belief, Plaintiff paid for medical coverage under the Plan for a period of time, and Defendants failed to provide the benefit, despite taking the deduction.

28.     Upon information and belief, Defendant NMF was the Plan Sponsor and Plan Administrator for the Plan.

29.     All of the benefits under the Plan, therefore, are funded by Defendants, who have sole responsibility for the design and funding of the Plan.

30.     Plaintiff also had automatic 401(k) retirement deductions that were taken from his paycheck and required to be transferred to his 401(k) under the terms of his employment. Plaintiff should have had a deposit or transfer to the 401 (k) in the month of March, but, upon information and belief, Defendants have missed at least one deposit or transfer due to their failure to pay Plaintiff his due and owing wages.

31.     By failing to pay wages due and owing to work performed, paying the premiums to the health and medical insurance provider for the Plan, and paying the required retirement deductions into his 401k, Defendants acted willfully in withholding the wages and benefits to Plaintiff and intentionally interfered with his benefits and retirement.

## CLASS ACTION ALLEGATIONS

### *Wisconsin WARN Act Claims*

32.     Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed class:

> **All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the Wisconsin WARN Act) on March 30, 2026, and within 90 days of March 30, 2026.**

33.     Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a.  The class and each respective subclass include, upon information and belief, over 50 class members, and, as such, are so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b.  Questions of law and fact are common to the class and each respective subclass, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the Wisconsin WARN Act. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c.  Plaintiff is a member of the class and each respective subclass, and his claims are typical of the claims of other class members. Plaintiff has no interests that are

6

antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and each respective subclass and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class and each respective subclass. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

34.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

35.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the putative class and each respective subclass, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

36.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### *ERISA Claims*

37.     Plaintiff also brings his ERISA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the following proposed class:

7

**All former employees of Defendants who made full premium payments but were denied benefits under the Plan on or after February 28, 2026.**

38. This action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

39. Numerosity. Given Defendants' widespread practices, there are more than 50 putative class members. As a result, the members of the Class are so numerous that their individual joinder in this action is impracticable.

40. Commonality. There are questions of fact and law that are common to Plaintiff and all the members of the Class, including, but not limited to, the following:

    a. Whether Defendants are required to fund benefits under the Plan for employees who paid health insurance premiums in full and whose employment is terminated; and

    b. Whether a terminated employee is entitled to recover health insurance benefits after employment is terminated when the employee paid the premiums for insurance coverage in full.

41. Typicality. Plaintiff, who is a member of the Class, has claims that are typical of all members of the Class. Plaintiff's claims and the Class members' claims arise out of the same uniform course of conduct by Defendants and under the same legal theories.

42. Adequacy of Representation. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has no conflict of interest nor any interests that are different from the other members of the Class. Plaintiff has retained competent counsel experienced in class actions and other complex litigation, including class actions brought under ERISA.

43. <u>Potential Risks and Effects of Separate Actions</u>. The prosecution of separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Individual Class member adjudications would also be dispositive of the interests of the other Class members, who are not parties to those adjudications, and would substantially impair or impede their ability to protect their interests.

44. <u>Relief to Class as Whole</u>. Defendants have acted or refused to act on grounds that apply generally to the class, so that final declaratory relief is appropriate respecting the Class as a whole. Defendants have acted in a manner generally applicable to the Class by uniformly subjecting them to the violations of ERISA described above. Accordingly, injunctive relief, legal and equitable monetary relief, and declaratory relief are appropriate with respect to the Class as a whole.

45. <u>Predominance.</u> Common questions of law and fact predominate over questions affecting only individual Class members. The Court and the parties will spend the vast majority of their time working to resolve these common issues. In fact, the only individual issues of significance will be the exact amount of damages each Class member will recover, the calculation of which will ultimately be a ministerial function that does not bar Class certification.

46. <u>Superiority.</u> A class action is superior to all other feasible alternatives for the resolution of this matter. The vast majority, if not all, of the Class members are unaware of Defendants' unlawful conduct, such that they will never bring suit individually. Furthermore, even if they were aware of the claims they have against Defendants, the individual claims of most Class members would be too small to economically justify individual litigation. Finally, individual litigation of multiple cases would be highly inefficient, a gross waste of the Court's

and the parties' resources and could lead to inconsistent results that would be contrary to the interests of justice.

47. <u>Manageability.</u> This case is well-suited for class action treatment and can be easily managed as such because evidence of both liability and damages can be adduced and presented on a Class-wide basis, while the allocation and distribution of damages to Class members will be essentially a ministerial function.

48. Plaintiff's counsel will fairly and adequately represent the interests of the Class and are best able to represent the interests of the Class under Federal Rule of Civil Procedure 23(g). Moreover, treating this case as a class action is superior to proceeding on an individual basis, and there will be no difficulty in managing this case as a class action.

49. Therefore, this action should be certified as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and/or (b)(3).

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. §§ 201, _et seq_.**
**_On behalf of Plaintiff, individually_**

50. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

51. The FLSA regulates, among other things, the payment of wages by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

52. Defendants are subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

10

53. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

54. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff.

55. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

56. As alleged herein, Defendants have failed to pay Plaintiff even the minimum wage for a minimum of two weeks during his employment with Defendants.

57. Defendants knew or should have known that their pay and reimbursement policies, practices, and methodology resulted in failure to compensate Plaintiff at the federal minimum wage.

58. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay the federal minimum wage to Plaintiff.

59. Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct of failing to pay wages for time worked was unlawful.

60. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions did not violate the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants not liable for liquidated damages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

11

61. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action

## COUNT II:
### VIOLATIONS OF THE WISCONSIN WAGE LAW AND
### WISCONSIN STATUTE 109.01 *et. seq.*
### (Wisconsin Wage Act)
### *On behalf of Plaintiff, individually*

62. Plaintiff reasserts and re-alleges the allegations set forth above.

63. At all relevant times, Defendants was to be an "employer" within the meaning of Wisconsin Wage Law. WI Stat. §104.01 and WI Stat. § 109.01.

64. At all relevant times, Defendants employed Plaintiff as an "employee" within the meaning of Wisconsin Wage Law §104.01 and WI Stat. § 109.01.

65. Pursuant to Wisconsin Minimum Wage Law § 104.035 *et seq.* and WI Stat. § 109.01 *et seq.*, the Defendants were required to pay Plaintiff all wages, when due, for all hours of work at hourly rates, which exceeded the minimum wage rate on their regular pay date(s).

66. Defendants were required to provide employees with advanced notice for permissible wage deductions.

67. Defendants failed to pay Plaintiff "all wages earned" or "every wage paid" under Wisconsin Wage Law and Wis. Stat. Ann. § 109.01 *et seq.* and thus failed to comply with this statute and its accompanying administrative code. WI Stat. § 104.035 *et seq.*

12

68. The foregoing conduct, as alleged, constitutes willful violations of the Wisconsin Minimum Wage Act and Wis. Stat. Ann. § 109.01 *et seq*.

69. Additionally, Defendants administered a health benefits plan, the Plan.

70. Defendants failed to notify the Plaintiff, as required by Wisconsin law, of the cessation of his benefits under the Plan. Wis. Stat. Ann. § 109.075.

71. As set forth above, the Plaintiff has sustained losses and lost compensation and benefits as a proximate result of the Defendants' violations.

72. Plaintiff seeks damages in the amount of his unpaid earned compensation, benefits and related costs, attorney fees, liquidated damages, plus interest from the date each amount came due.

**COUNT III:**
**UNJUST ENRICHMENT (WISCONSIN COMMON LAW)**
***On behalf of Plaintiff, individually***

73. Plaintiff reasserts and re-alleges the allegations set forth above.

74. Plaintiff conferred a benefit upon Defendants by working on their behalf without compensation.

75. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff.

76. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

77. Plaintiff seeks damages in the amount of his unpaid earned compensation, benefits and related costs, attorney fees, liquidated damages, plus interest from the date each amount came due.

**COUNT IV:**
**VIOLATIONS OF THE WISCONSIN WARN ACT, Wis. Stat. § 109.07**

13

**(Wisconsin WARN Act)**
*On behalf of Plaintiff individually and the Putative Class*

78. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

79. Defendants, namely NMF, are an "employer" within the meaning of the Wisconsin WARN Act, Wis. Stat. § 109.07.

80. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the Wisconsin WARN Act, Wis. Stat. § 109.07.

81. The March 30, 2026, termination of at least 58 employees at the Facility resulted in "employment losses" as defined in the Wisconsin WARN Act, Wis. Stat. § 109.07.

82. For purposes of the Wisconsin WARN Act, Wis. Stat. § 109.07, the Facility, individually, represents a single site of employment in that the Facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

83. The Wisconsin WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff to "the subunit of the department that administers s. 106.15, any affected employee, any collective bargaining representative of any affected employee, and the highest official of any municipality in which the affected employment site is located." Wis. Stat. § 109.07.

84. Upon information and belief, prior to March 30, 2026, Defendants did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in the Wisconsin WARN Act. Wis. Stat. § 109.07. Nor, upon information and belief, did Defendants give sufficient written notice to the Wisconsin Office of Workforce Development.

85. Defendants violated the Wisconsin WARN Act by failing to give timely written notice of the mass layoff as required by the Wisconsin WARN Act, Wis. Stat. § 109.07, which began on or about March 30, 2026.

86. Moreover, Defendants' violations of the Wisconsin WARN Act were not in good faith, and Defendants had no reasonable grounds for ignoring the notice requirements of the Wisconsin WARN Act, Wis. Stat. § 109.07.

## COUNT V:
## RECOVERY OF BENEFITS DUE UNDER ERISA
### *On behalf of Plaintiff and the Putative Class*

87. Plaintiff hereby incorporates by reference all foregoing allegations as though fully set forth herein.

88. At all times relevant hereto, Plaintiff and the putative class were participants in the Plan.

89. The Plan is an employee welfare benefit plan subject to, and governed by, ERISA.

90. Defendants, as both the Plan Sponsor and Plan Administrator, are fiduciaries in connection with the Plan, and they owe fiduciary duties to the Plan and its participants.

91. Defendants have sole responsibility for the design and funding of the Plan.

92. Plaintiff paid the required premium to receive medical benefits under the Plan for the period from February 28, 2026, through, upon information and belief, mid-March 2026.

93. Plaintiff was terminated on March 30, 2026, and Defendants retroactively terminated his and, upon information and belief, other members of the putative class's benefits, effective February 28, 2026.

15

94. Defendants refused, and continue to refuse, to fund the medical benefits provided under the Plan, for which Plaintiff and the putative class have paid the required premium.

95. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff and the putative class are entitled to benefits and reimbursements in an amount to be determined.

96. As a result of Defendants' conduct, Plaintiff and the putative class have been forced to retain counsel to prosecute this action.

**COUNT VI:**
**BREACH OF FIDUCIARY DUTY UNDER ERISA**
*On behalf of Plaintiff and the Putative Class*

97. Plaintiff hereby incorporates by reference all foregoing allegations as though fully set forth herein.

98. In the course of his employment, Defendants sponsored a 401(k)-retirement plan.

99. The 401(k)-retirement plan is a benefit plan subject to, and governed by, ERISA.

100. Defendants have sole responsibility for the design and maintenance of the Plan.

101. As a fiduciary, Defendants have a duty of loyalty and prudence owed to Plan participants. ERISA, 29 U.S.C. §§ 1104 and 1109.

102. Defendants breached their duty of loyalty and prudence by failing to appropriately transfer 401(k) deductions on behalf of the Plaintiff and the putative class into their retirement account (401(k)) and instead, upon information and relief, retaining the funds for their benefit.

103. Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), Plaintiff and the putative class are also entitled to a recovery of the 401(k) transfers and funds that were retained by Defendants in an amount to be determined.

104.     As a result of Defendants' conduct, Plaintiff and the putative class have been forced to retain counsel to prosecute this action.

## COUNT VII:
## DECLARATORY RELIEF UNDER ERISA
### *On behalf of Plaintiff and the Putative Class*

105.     Plaintiff hereby incorporates by reference all foregoing allegations as though fully set forth herein.

106.     On information and belief, Defendants dispute and/or will dispute Plaintiff's contentions as stated above regarding its obligation to fund medical benefits for which Plaintiff paid the required premium. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendants concerning the foregoing matter.

107.     Plaintiff therefore seeks a judicial declaration as to Defendants' duties under the Plan, confirming Plaintiff's contentions above are correct and confirming Defendants must fund medical benefits during all periods in which the required premium has been paid by a Plan participant. A declaration is necessary at this time in order that the dispute between the parties may be resolved and that the parties may be aware of their respective rights and obligations.

## COUNT VIII:
## BREACH OF CONTRACT UNDER WISCONSIN LAW
### *On behalf of Plaintiff and the Putative Class*

108.     Plaintiff hereby incorporates by reference all foregoing allegations as though fully set forth herein.

109.     Defendants have breached their duties under the Plan by refusing to fund health insurance benefits for Plaintiff and the putative class, after he and the class have paid for the benefits.

110.     Defendants' breach proximately caused Plaintiff and the putative class to incur damages and unpaid medical claims.

17

111. Plaintiff and the putative class are also entitled to recover attorney's fees reasonably incurred to obtain the benefits of insurance that were wrongfully withheld by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Classes defined above as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), appointment of the Plaintiff as Class Representatives of the respective Classes and designation of the undersigned as Class Counsel;

2. A declaration that Defendants violated the Wisconsin WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the Wisconsin WARN Act;

4. A judgment in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the Wisconsin WARN Act;

5. A finding that Defendants' violations of the Wisconsin WARN Act were and are willful, not in good faith, and that Defendants have no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the Wisconsin WARN Act;

6. A judgment in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, and attorney's fees to the fullest extent permitted under the Wisconsin WARN Act, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. Such other and further relief as this Court deems just and proper and allowed under the Wisconsin WARN Act;

8. A judgment in favor of the Plaintiff awarding the recovery of unpaid wages due and owing under the FLSA and Wisconsin Wage Law;

9. A judgment in favor of Plaintiff awarding the recovery of liquidated damages under the FLSA and Wisconsin Wage Law, including a finding that Defendants' withholding of wages and violations were willful;

10. A declaration that Plaintiff and the putative class are owed benefits under the Plan and Defendants owe insurance benefits to plan Participants during the entire coverage period for which participants have made the requisite premium payments, and that Plaintiff and the putative class are owed the refund or transfer of their pre-paid retirement benefits under the 401(k) retirement plan;

11. A judgment in favor of the Plaintiff and putative class awarding the recovery of benefits under the Plan and 401(k) retirement plan due and owing;

12. A judgment awarding attorney's fees and costs on behalf of Plaintiff individually and the putative class with respect to his claims;

13. Pre- and post-judgment interest at the maximum rate allowed by law;

14. A trial by jury; and

15. All other relief, at law or in equity, to which Plaintiff and Class Members are justly entitled.

Date: April 16, 2026                                    Respectfully submitted,


*Electronically signed by Nathan E. DeLadurantey*
Nathan E. DeLadurantey, 1063937
136 E. Saint Paul Ave.
Waukesha, WI 53189
(414) 377-0515
nathan@dela-law.com

J. Gerard Stranch, IV (*Pro hac vice* forthcoming)

19

Mariah S. England (*Pro hac vice* forthcoming)
**STRANCH JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
mengland@stranchlaw.com

***Attorneys for Plaintiff and the Proposed Classes***

20